UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>[REDACTED],<br><br>     Defendant. | Civil Action No. 3:18-cv-01046-AWT |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

  Plaintiff, Malibu Media LLC, by and through undersigned counsel, and pursuant to Fed. R Civ. P. 37, hereby moves for entry of an Order compelling Defendant, [Redacted] ("Defendant"), to respond to Plaintiff's Interrogatories, Requests for Production and Requests for Admissions (the "Requests) pursuant to Fed. R. Civ. P. 26(a)(1) and in support thereof states:

  1. Plaintiff propounded the Requests upon the Defendant via U.S. Mail service on April 22, 2020. A copy of the United States Postal Service receipt is attached hereto as **Exhibit A**.

  2. Plaintiff subsequently mailed correspondence to Defendant on June 1, 2020 reminding Defendant of his/her obligation to provide discovery responses and initial disclosures. A copy of this correspondence is attached hereto as **Exhibit B.**

  3. The Plaintiff has not received responses to its discovery requests or Defendant's initial disclosures. Further, Plaintiff does not have Defendant's email address or phone number and is only able to communicate with Defendant via mail.

  4. If a party fails to respond to a document request, the discovering party may move for an order compelling such answer or response. See Fed. R. Civ. P. 37(a)(3)(B). Upon granting

a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just.  See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

5. When, as here, a party fails to respond to discovery, the court should enter an order compelling discovery. *See Dively v. Seven Springs Farm, Inc*., 2012 WL1865414 at *2 (W.D. Pa. 2012); *Roque v. Dialysis Corp. of Am*., 2013 WL 5969869 at *1 (M.D. Pa. 2013); *Deslonde v. New Jersey*, 2010 WL 4226505 at *4 (D.N.J. 2010); *Gilligan v. Cape May Cnty. Corr*., 2006 WL 3454864 at *1 (D.N.J. 2006).

6. As required by Fed. R. Civ. P. 37(a)(1), Plaintiff has, in good faith, attempted to confer with Defendant regarding the lack of response.

7. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions are where: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, none of the foregoing exceptions are applicable.

8. Plaintiff made a good faith attempt to obtain the remainder of Defendant's discovery responses and initial disclosures. Accordingly, Plaintiff is entitled to its reasonable

expenses incurred in connection with bringing the instant motion.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)  Granting Plaintiff's Motion to Compel;

(B)  Compelling Defendant to serve upon counsel for Plaintiff, within seven (7) days of the entry of its Order, responses to Plaintiff's discovery requests;

(C)  Awarding Plaintiff its reasonable attorney's fees and costs pursuant to Fed. R. Civ. R. 37;

(D)  Holding that Defendant's failure to comply with the Court's Order Compelling discovery responses shall result in the entry of a default judgment in Plaintiff's favor; and

(E)  Ordering such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff hereby certifies that it attempted to confer through email with Defendant on two separate occasions, in a good faith effort to resolve the issues raised by this Motion. At the time of filing, Defendant had not responded to the undersigned.

Dated: June 11, 2020                             Respectfully submitted,


By:   /s/ *Kevin T. Conway*
      80 Red Schoolhouse Road, Suite 110
      Spring Valley, NY 10977
      T: 845-352-0206
      F: 845-352-0481
      E-mail: ktcmalibu@gmail.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 11, 2020, I served the Defendant in this case, who is not a CM/ECF user, with the foregoing document via U.S. Mail.

By: */s/ Kevin T. Conway*

3

## **SERVICE LIST**

[Redacted]